## LUCIEN L. WOODWORTH, Respondent, v. OREN C. PAYNE, Appellant.

*Conveyance for church purposes — condition that seats be free — when not broken by conveyance by church.*

L. C. Selleck conveyed to a religious corporation, its successors and assigns, a lot of ground, the conveyance containing the following clause: "The above described land being designed for church purposes, it is understood and agreed that the seats therein shall be forever free for the use of any and all persons to occupy in the capacity of worship; but if the seats of the church to be erected thereon, or any other church thereon, shall be rented or sold, then the said above described premises shall revert to the said party of the first part or her heirs."

Subsequently, the corporation being in debt sold the land, in pursuance of an order of the court, and conveyed it, by a deed containing the same condition, to the defendant, the minister of the church, who thereafter held service therein, the seats being at all times free. In an action to recover the land for breach of condition, *held* (1), that the deed did not restrict the power of the corporation to convey, so long as its conveyance contained the condition as to the seats remaining free; (2), that the sale to the defendant was not a sale of the seats within the meaning of the condition.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action before the court without a jury.

Prior to November 15th, 1861, there existed in Fredonia, N. Y., a religious incorporation, organized under the laws of this State, under the name of the Methodist Protestant Church of Fredonia; and at that date, Laura C. Selleck, being the owner of certain real estate in Fredonia, conveyed it to said corporation, its successors and assigns. Immediately following the description, was the following clause: "The above described land being designed for church purposes, it is understood and agreed that the seats therein shall be forever free for the use of any and all persons to occupy in the capacity of worship, but if the seats of the church to be erected thereon, or any other church thereon, shall be rented or sold, then the said above described premises shall revert to the said party of the first part, or her heirs." The corporation went into possession, and, in 1862–1863, erected a church thereon for the purpose of holding public worship; and from thence until June, 1873, so occupied it. In June, 1873, the society, having become indebted to the

defendant, procured from the County Court of said county authority to sell said premises to the defendant, for the purpose of paying its debt, and on the 17th of June, 1873, a deed to the defendant was executed by the proper officers, and he took possession. The deed contained the same condition as the one to the society. The defendant was a minister of the Methodist Church, had been the pastor of the society, and, after his purchase, he held religious services in the church, himself officiating, and on such occasions the pews and seats have been free. The building remains in the same condition as before the sale. The defendant claims to own the fee, and has offered to sell and convey the same. Mrs. Selleck is dead, and the plaintiff is her only heir at law.

*M. T. Jenkins*, for the appellant.

*L. Morris*, for the respondent.

MERWIN, J. :

The plaintiff claims that the condition in the deed from Selleck to the society, was forfeited by the conveyance to the defendant; that such conveyance operated as a breach, and the title reverted to the plaintiff. This proposition is placed on two grounds : First, that by the terms of the original grant, the fee of the land passed to the grantee, limited, however, to the sole use of said Methodist Protestant Church for worship, and when the said grantee ceased so to use the land, or alienated the same, the land reverted ; second, that the sale of the church operated as a sale of the seats, within the meaning of the condition, and therefore constituted a breach.

The deed does not, in terms, limit the use to that particular corporation, or to that particular denomination of Christians, or even to church purposes. As matter of recital, it is said to be designed for church purposes, and then it is provided that the seats therein shall be free. An agreement is made as to the free use of the seats, but none as to what corporation shall control, or what doctrine shall be promulgated. Conditions in grants are not favored in law, and hence must be clearly expressed. (*Craig* v. *Wells*, 11 N. Y., 315.) They are construed strictly (4 Kent, 130), and must not depend upon inference or recital. (2 Bacon's Abridgment, 280.)

In the present case the grant is to the party of the second part, their successors and assigns. This, together with the absence of any words in terms restricting a conveyance, leads me to conclude that there is no restriction upon the conveyance by the society of their interest in the land. If, however, they did convey, it must be upon the same condition as to free seats as they held it. Their deed to the defendant does in fact contain the condition. The defendant stands simply in the place of the corporation. Neither they nor he has sold or leased the pews as such.

The plaintiff claims, however, that the conveyance of the property to defendant is tantamount to a sale of the pews, and therefore a forfeiture. This might perhaps be so, if the sale had not been subject to the same condition. As it was so expressly made subject, I cannot see how the object of the condition was expressly or impliedly destroyed. Thus far, nothing has been done to prevent the free occupancy of the seats, or to convert the property to some other use. There is nothing in the deed to prevent an individual from owning the fee, and there is nothing in the law to prevent an individual from owning a church and carrying on public worship. The original grantor, by her own act, separated the ownership of the fee from the free use of the pews, and I cannot see how a subsequent conveyance in the same form will merge them and destroy the effect of the condition. The pews could be leased and used entirely separate from the fee. (*Trustees* v. *Bigelow*, 16 Wendell, 28; *Shaw* v. *Beveridge*; 3 Hill, 26.) The doctrine of reversion on abandonment by corporations, does not apply here. The society had the fee, subject to the condition, and it could convey the same that it held, although, upon a dissolution before conveyance, there might have been a reverter. (*Nicoll* v. *N. Y. and Erie R. R. Co.*, 12 N. Y., 121, 129.)

My opinion therefore is, that no breach of the condition was shown.

Judgment should be reversed, and a new trial granted, costs to abide event.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Ordered accordingly.